UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ASTORIA FEDERAL SAVINGS AND LOAN, | : |
| Plaintiff, | : Civil Case No. 07-0647 (FSH) |
| v. | : **OPINION and ORDER** |
| KIM, et al., | : Date: October 9, 2007 |
| Defendants. | : |

**HOCHBERG, District Judge**

This matter having come before the Court upon Plaintiff Astoria Federal Savings and Loan's ("Astoria") October 6, 2007 Motion to Vacate the Stay and Reinstate the Foreclosure Proceedings, and the Court having considered Plaintiff's arguments on the papers pursuant to Fed. R. Civ. P. 78;[1] and

it appearing that in a June 12, 2007 order, the Court dismissed this case as settled; and

it appearing that the order dismissing this case provided that

> that this action is hereby dismissed without costs and without prejudice to the right, upon good cause shown within 60 days, to reopen the action if the settlement is not consummated. The terms of the settlement agreement are incorporated herein by reference and the Court shall retain jurisdiction over the settlement agreement to enforce its terms.

and;

it appearing that Plaintiff's motion was made after the expiration of the 60-day period provided by the order; and

---

[1] Defendants Kim and Kim have not opposed Plaintiff's motion.

it appearing that Plaintiff's remedy for Defendants' alleged breach of the settlement agreement is therefore to move the Court to enforce the settlement agreement;[2]

**IT IS** on this 11th day of October, 2007, thereby

**ORDERED** that Plaintiff's Motion to Vacate the Stay and Reinstate the Foreclosure Proceedings will be deemed a Motion to Enforce the Settlement Agreement; and it is further

**ORDERED** that Defendants Myung S. Kim and Barbara Kim shall show cause in writing, supported by sworn certifications, no later than **October 22, 2007** why this Court should not enforce the settlement agreement against them, and why the Court should not award judgment to Plaintiff in an amount equal to the outstanding balance under the terms of the settlement agreement plus statutory interest, which Plaintiff may then collect using any lawful means against any assets of Defendants.

/s/ Faith S. Hochberg

HON. FAITH S. HOCHBERG, U.S.D.J.

---

[2] To the extent that Plaintiff Astoria seeks to reopen this case because the settlement agreement contains a clause that provides that the case will be reopened if Defendants breach the agreement, it should be noted that "there is no legal authority for the proposition that language in a settlement agreement trumps...an Order of the Court" dismissing the case. See Sander Sales Enters. v. Saks, Inc., Civ. 01-4794, 2006 WL 166500, *2 (D.N.J. Jan. 20, 2006). Plaintiff is not without a remedy, however, because this Court has retained jurisdiction to enforce the terms of the settlement agreement.